Gomez Zapata v. Holder

BIA
Mulligan, IJ
A093 341 938

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of February, two thousand thirteen.

PRESENT:
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> RICHARD C. WESLEY,
> *Circuit Judges*.

_____

HERMAN GOMEZ ZAPATA,
> *Petitioner*,

v. 11-5250
NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER: Heather Yvonne Axford; Anne Pilsbury, Central American Legal Assistance, Brooklyn, New York.

FOR RESPONDENT: Stuart F. Delery, Acting Assistant Attorney General; Lyle D. Jentzer, Senior Counsel, National Security

**Unit; Zoe J. Heller, Office of Immigration Litigation, U.S. Department of Justice, Washington D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Herman Gomez Zapata, a native and citizen of Colombia, seeks review of the November 30, 2011, decision of the BIA affirming the May 4, 2010, decision of Immigration Judge ("IJ") Thomas J. Mulligan, denying Gomez Zapata's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Herman Gomez Zapata*, No. A093 341 938 (B.I.A. Nov. 30, 2011), *aff'g* No. A093 341 938 (Immig. Ct. N.Y. City May 4, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, the only issue before us is the agency's determination that Gomez Zapata was not credible. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions as to Gomez Zapata's credibility "for the sake of completeness." *Zaman v.*

2

*Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). For asylum applications governed by the REAL ID Act, such as the application in this case, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements and other record evidence, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.

Substantial evidence supports the agency's adverse credibility determination. In finding Gomez Zapata not credible, the IJ reasonably relied in part on Gomez Zapata's demeanor, noting, in addition to extreme nervousness, a specific instance on direct examination when his testimony was hesitant, lacked a natural flow, and gave the impression that he was attempting to recall a script. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). That finding is supported by the hearing transcript.

3

The IJ's demeanor finding is entitled to deference and the adverse credibility determination is further supported by specific examples of contradictory testimony. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."). Indeed, the IJ reasonably found discrepancies between Gomez Zapata's testimony and his supporting affidavits as to how he discovered the identity of those threatening him and whether his brother in the United States learned of his troubles from their mother while Gomez Zapata was still in Colombia or from Gomez Zapata after his departure from Colombia. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Gomez Zapata failed to provide a compelling explanation for these discrepancies. *See Majidi*, 430 F.3d at 80-81.

The agency also did not err in declining to credit Gomez Zapata's corroborating evidence, and relying, in part, on his failure to credibly corroborate his claim. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341-42 (2d Cir. 2006) (providing that the weight afforded documentary evidence "lies largely within the discretion of the IJ") (internal quotation marks and citation omitted); *see also*

4

*Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Thus, given the absence of credible corroborating evidence as well as the discrepancies and demeanor finding, we find no error in the agency's denial of Gomez Zapata's application for asylum, withholding of removal, and CAT relief on credibility grounds. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk